O

1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11  CORY JAMES WHITE,            )  Case No. CV 15-06669 DDP
                                 )  [CR 00-00258 DDP]
12              Plaintiff,       )
                                 )  **ORDER DENYING PETITIONER'S EX**
13       v.                      )  **PARTE MOTION**
                                 )
14  W.L. MONTGOMERY, WARDEN,     )  [Dkt. No. 8]
                                 )  [issue only in civil case]
15              Defendant.       )
    _____ )

16

17       Presently before the Court is Petitioner Cory James White's Ex

18  Parte Motion for Opposition to Respondent's Request for (1)

19  Amending Briefing Schedule and (2) Suspension of Attorney-Client

20  Privileges.  (Dkt. No. 8.)  After considering Petitioner's

21  arguments, the Court denies the motion.

22       The Court granted the Government's motion to amend the

23  briefing schedule for good cause shown.  (See Ex Parte Motion by

24  Government, dkt. no. 5.)  The Court changed the date the

25  Government's response to the Petition is due, but a response is

26  still required.  (See Order, dkt. no. 7, at 3.)  The Government's

27  opposition or motion to dismiss is due no later than February 29,

28  2016.  (Id.)

1        As to the suspension of attorney-client privileges, the

2   Petition raises an ineffective assistance of counsel claim.  (See

3   Petition, dkt. no. 1.)  In order to evaluate this claim, the

4   Government has requested an Order from this Court authorizing

5   disclosure of attorney-client communications as they relate to the

6   claim raised in the Petition.  (See Ex Parte Motion by Government,

7   dkt. no. 5.)  The authorization granted by the Court is the rule in

8   habeas cases involving a claim of ineffective assistance of

9   counsel.  See Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir.

10  2003) ("It has long been the rule in the federal courts that, where

11  a habeas petitioner raises a claim of ineffective assistance of

12  counsel, he waives the attorney-client privilege as to all

13  communications with his allegedly ineffective lawyer.").

14       Thus, Petitioner has the choice of either complying with the

15  Court's Order to disclose (and to allow his attorney to disclose)

16  privileged communications and thereby keep his ineffective

17  assistance of counsel claim, or Petitioner can rescind the claim

18  and maintain his attorney-client communications privileged.  (See

19  Order, dkt. no. 7, at p. 2 ("[I]f petitioner chooses to withdraw

20  the motion, rather than waive his attorney-client privilege,

21  petitioner must notify the government and the Court no later than

22  January 25, 2016.").)

23       Therefore, the Court DENIES Petitioner's Ex Parte Motion.

24

25  IT IS SO ORDERED.

26

27  Dated: December 18, 2015

                                   DEAN D. PREGERSON
28                                 United States District Judge

                                   2